OPINION OF THE COURT
Charles J. Markey, J.
The principal legal issue in this motion, one of first impression by an American court, is whether a party can be relieved of a stipulation joining two separate actions for trial that was not “so ordered” by a court, as apparently mandated by state law. In their responses to the court for invited briefing of specific legal questions, all counsel concede that their research has not disclosed a case in New York or elsewhere on this issue.
In the first action, under index number 23074/2001, plaintiff Michelle Cleveland-Scott, by the service and filing of a summons dated September 4, 2001 and accompanying complaint, instituted an action against defendant Hillside House Management Corporation, LLC. The complaint, predicated on premises liability, alleged that, on January 24, 2001, the plaintiff, while standing in the kitchen of her apartment in Jamaica, Queens County, was injured when the ceiling collapsed on her. As a result of the accident, she claims injuries to her lumbar spine requiring surgery, particularly, an “L4-5 and L5-S1 laminectomy and foraminotomy” leaving her with “a flail left foot drop” (affirmation of Dmitri Kotzamanis, Esq., dated June 8, 2007, 1! 4, at 2). The complaint presented a single cause of action in negligence, maintaining that the landlord knew of the defective ceiling and failed to keep the plaintiff’s apartment in good repair.
In the second action, the plaintiff, under index number 27367/ 2002, by the service and filing of a summons dated October 16, 2002 and accompanying complaint, instituted an action against defendant Green Bus Lines, Inc. The second complaint also alleged a single cause of action sounding in negligence. This cause of action was for injuries allegedly sustained when the bus she was riding in stopped short and she fell out of her wheelchair *687 that had not been properly locked, clamped, and secured by the bus driver. As a result of the second accident, occurring six months after the ceiling collapse, plaintiff claims that she required surgery to her wrist for “decompression of the ulnar nerve in her right wrist, along with right carpal tunnel release” resulting in “decreased sensation in the fingers of her right hand, weakness in her grip, and permanent scarring from the surgery” (Kotzamanis affirmation U 5 at 2).
By notice of motion dated March 24, 2003, about five years ago, an attorney associated with plaintiff’s counsel (not Mr. Kotzamanis) moved for “[f]ull and complete” consolidation of the two actions, including joint discovery and joint trial. On May 5, 2003, Mr. Kotzamanis, on behalf of his firm, withdrew the motion in a written statement entitled “Affirmation,” relied upon by the motion judge, the Honorable Martin E. Ritholtz, who issued an order on even date, deeming the motion to consolidate withdrawn.
By stipulation dated June 16, 2003, signed by counsel for plaintiff, Hillside House, and Green Bus, the parties agreed, inter alia, to a joint trial of the two actions. Simply by way of clarification, the stipulation was not signed by Mr. Kotzamanis, but by another, unidentified associate of the plaintiffs law firm. None of the parties in this case has submitted an affirmation, based on personal knowledge, of why the plaintiff would enter into the stipulation after the court entered an order deeming the motion to consolidate withdrawn. At any rate, and more significant, the stipulation did not have a line or designation requiring it to be “so ordered,” and it was never submitted to a judge to be “so ordered.”
Since this court requisitioned and read the entire court file in the two actions in preparing this decision, it learned that, even prior to the date on the stipulation, the parties had agreed, by their practice, to a joint undertaking on discovery. Specifically, as evinced by an exhibit appended to a subsequent motion to Justice Marguerite A. Grays, the parties conducted a deposition of the plaintiff on June 10, 2003. Defense counsel in both actions questioned the plaintiff in an examination before trial lasting 4x/2 hours. All the discovery was conducted jointly, even though the stipulation, recorded by the County Clerk on July 3, 2003, noted simply, in pertinent part, that “[a]ll parties agree to a Joint Trial of the following two actions.”
The two actions were jointly assigned to the undersigned for trial, and the court held a trial conference on May 21, 2007. At *688 the trial conference, counsel for Hillside House and Green Bus, the defendants in the two actions, requested a unified trial of the liability and damages determinations on the joint trial they expected to conduct. Plaintiff, on the other hand, requested that it be relieved of the stipulation requiring a joint trial and asked, instead, that the court conduct the trials of the two actions separately. Plaintiff, in addition, opposed the request for a unified trial.
Recognizing that the legal issue of the stipulation’s validity and enforcement, where it was not “so ordered” by a court, raised an issue of first impression, the court invited the parties, over a several month period, to comment to specific questions about the stipulation and specifically on questions concerning detrimental reliance on it.
Pertinent to the legal discussion is article 6 of the Civil Practice Law and Rules and in particular section 602. Nearly all of the sections contained within article 6 of the CPLR are framed in terms of the court’s authority to order a consolidation of actions, order a joint trial, order a severance of claims, order a separate trial of a claim or any particular issue, and change the venue of a trial. CPLR 602 (a), regarding consolidation and a joint trial, states:
“When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”
CPLR 2104, governing stipulations, states, in relevant part: “An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.”
In deciding the issue before the court, there are competing considerations. On the one hand, counsel should be bound to respect their commitments, especially written engagements and stipulations, as reflected by CPLR 2104. Consistent with that policy is the principle that parties and their lawyers should be left free to chart the course of their litigation. On the other hand, as reflected throughout article 6 of the CPLR by the *689 language of “the court, upon motion, may order,” the law recognizes that litigating parties and their lawyers need to be kept in bounds when it comes to ordering consolidation, severance, or changes of venue. In the present case, the simple language employed by counsel in crafting the stipulation reveals the need of CPLR 602 (a)’s requirement that a joint trial should be the product of a court order, and not simple agreement by counsel. Nowhere in the stipulation is there any mention of the customary language that courts use in ordering a joint trial requiring that such relief obtain where plaintiffs trial counsel, upon the presentation and filing of such an order, file a note of issue and pay separate fees for each of the actions.
If left solely to their own devices, without a judge’s supervising authority, counsel would use stipulations to act as they please regardless of the provisions of CPLR article 6. First, counsel would not use the necessary and particular language that courts insist on in issuing orders for consolidation, joint trial, severance, separate trials, and change of venue. Such language instructs counsel and the Clerk’s Office how the desired relief is implemented. Here, the stipulation stated only that there shall be a joint trial, without any further clarifying instruction on its implementation. Perhaps the reason that the legal issue presented by this case is one of first impression is because lawyers throughout the United States generally recognize the need for courts to address various concerns governing the appropriate caption or captions, and separate index numbers, notes of issue, and filing fees, in orders of consolidation and joint trial. The lawyers who participated in the June 16, 2003 stipulation blissfully ignored such essential language of implementation that informs the clerks and the parties how to proceed.
Second, and equally important, lawyers, if left to their own devices without need for the judicial imprimatur required by CPLR article 6’s sections, might agree to consolidate or join for trial different and unrelated claims and different parties. Lawyers might join for trial an action seeking enforcement of a child support provision contained in a judgment of divorce together with an unrelated action for damages arising from contract or negligence or improperly, and contrary to law, change the venue to New York State of a claim to land in Montana or the south of France, simply because the feuding litigants and their attorneys are all conveniently located in New York and agreed among themselves to the desired relief.
*690 Those aforementioned situations and reasons are presumably why most of the sections within CPLR article 6 are cast in language according discretionary authority solely to courts, not lawyers. The language of CPLR 602 (a), quoted in full above, states, three times, in various forms, that only a court “may order” or “may make such other orders.” The importance, and indeed imperative, of letting a court pass upon the validity of any agreement that deals with the consolidation, severance, and venue of claims should thus take precedence over the policy of promoting the sanctity and unimpeachable nature of stipulations.
The stipulation joining trials was never submitted to a court to be “so ordered.” This court takes a dim view of joining these two actions for trial since they both arise from different, unrelated accidents, and involve separate witnesses aside from the plaintiff herself, involve unconnected defendants, different causes of action and different proof. The claim against Hillside House is one on premises liability: did the landlord, with actual or constructive knowledge of a defective condition in the apartment, fail to repair the ceiling? Did the ceiling collapse cause the injuries to her back as claimed by the plaintiff? What damages should be awarded for her injuries? The claim against Green Bus, however, rests upon the circumstances of whether the bus driver properly secured the plaintiffs wheelchair to the bus in a manner that would have prevented her fall by the sudden stop. In that action, even if plaintiff were to prove defendant’s liability to the jury’s satisfaction, in the damages trial that follows, plaintiff will need to prove that she sustained a “serious injury” as defined by Insurance Law § 5102 (d).
Since the two trials are unrelated by defendants, accidents, and proof of the causes of action and claims, and given the attendant confusion of the jury, this court refuses to honor the stipulation, in the absence of it having been “so ordered” by a justice of this court.
That decision does not end the inquiry. The two defendants complain that, had they known that the stipulation would not have been enforced, they would have moved for consolidation. The court initially notes that this argument of “woulda, coulda, shoulda” begs the question of a party’s and especially a litigator’s responsibility to follow the law. Putting aside the language in which CPLR 602 (a) is cast, regarding a court’s authority, the affirmation of Joel P Eisenberg, Esq., of plaintiffs counsel, in March 2003, in support of the plaintiff’s motion seeking a “[flull and complete consolidation” stated:
*691 “Lastly, assuming [that] consolidation is granted, the plaintiffs [sic] further request this Court to direct all parties to appear at a Conference on a date specified within the anticipated Consolidation Order following the Entry of an Order of Consolidation of these cases so that a convenient schedule of pre-trial discovery can be immediately worked out between the parties thereto.”
Rather than lull the defendants into a false sense of reliance, the plaintiffs motion papers thus expressly discussed the need for a court order.
The next appropriate question is, even despite the absence of a proven misrepresentation by plaintiffs counsel, whether the defendants, Hillside House and Green Bus, can show detrimental reliance on the stipulation by now being forced to separate trials. If the defendants did change their position, rather than just their expectations or hopes, on the belief of a consolidated trial, and that change of position was based on a stipulation by the plaintiffs lawyer, it would be unfair and unjust NOT to consolidate. As can be recognized, this is a standard equitable estoppel argument, specifically, that the plaintiff is now estopped to claim a right to sever based on the lack of judicial order, given that the plaintiff stipulated to the consolidation and did nothing to object, or to demand judicial action, as discovery went forward on the assumption of consolidation and a joint trial.
The defendants first claim that they would have conducted discovery differently. The court, upon reviewing the transcript of the plaintiffs examination before trial (EBT), is satisfied that, rather than being hurt, both defendants profited by being permitted to cooperate in the conduct of discovery. So, even if the defendants are forced into separate trials, the plaintiff, who will supposedly be present at each of the two trials, will undergo cross-examination and could be impeached by questions posed at the EBT by either counsel. Any possibility of jury prejudice in this regard, as to the identity of the questioner at the EBT, is remote and the court and counsel can find satisfactory ways to explain the matter to the jury.
The defendants complain that they would have conducted the independent medical examination (IME) of the plaintiff differently. Again the defendants hurl a general conclusory statement without specifics. Since the parties embarked on a litigation course of joint discovery of the two actions, the defendants profited by the arrangement. Full medical records and discovery *692 of the plaintiff’s medical condition were shared with both defense counsel. Rather than being hurt, defense counsel were given great advantage in this regard.
Defense counsel also fails to state, with specificity, how the IME of the plaintiff would have been conducted differently if they had known that, in the absence of a “so ordered stipulation,” separate trials would be ordered. At each of the trials, doctors for the two defendants and the plaintiff will be present to testify, and any issue of whether the bus accident exacerbated or aggravated the alleged injuries caused by the ceiling collapse can be fully explored by trial counsel in the jury’s presence. In short, the court cannot find any indication that discovery or trial preparation would have been significantly different had the assumption been separate trials.
A harder issue concerns the absence of any cross claim or third-party action between the defendants. Specifically, the defendants contend that, if they had known that a court would not enforce the stipulation, they would have instituted a third-party action against the other defendant. First, all this speculation has resulted because the various litigators assigned to the case, and without castigating or blaming trial counsel who have aptly briefed and vigorously argued the specific and present questions posed by this court, did not follow the dictates assumed in and by the language of CPLR 602 (a) of obtaining a court’s imprimatur on any order for consolidation or joint trial. Litigators know, or should know — as in this case, the lawyer’s adage that “a blueback is cheaper than philosophy,” namely, that if the litigators who had been involved in this action in June 2003 had taken the extra step of forwarding their stipulation to a court for “so ordering,” they, the parties, and the court would have been spared the present, extensive effort of briefing and philosophizing.
Defendants’ claim of not having instituted a third-party action rings hollow for their inaction to take such a measure at any point prior to June 16, 2003, the date of the stipulation, over eight months after the filing of the action by Green Bus.
In the present case, the court concludes that the defendants have NOT changed their position substantially, and, to their detriment, based on an expectation of consolidation. There is no significant argument that fairness, justice, and equity would mandate enforcement of the provision of the stipulation agreeing to a joint trial that was set forth in a legally and procedurally improper manner. The undersigned is thus free to order *693 separate trials on the basis that neither joint trials nor consolidation was ever ordered by a court.
In a rare and valuable treatise, The Judicial Discretion of Trial Courts (Bobbs-Merrill Co. 1931), author Renzo D. Bowers devoted several sections of enlightening legal discussion regarding the ability of trial courts to treat stipulations. Bowers states that the party seeking to be relieved from a stipulation must show “good grounds therefor” and that her “release would be in the furtherance of justice” (id. § 251, at 286). He continues:
“The decisions of these matters is what brings the discretion of the trial judge into operation. The inclination of the courts is to release from stipulations when their enforcement would result in serious injury to one of the parties, and the other party would not be prejudiced by their being set aside.”
(Id. [footnote references omitted].)
In weighing the considerations, this court notes that the stipulation conferred only minimal benefit to the physically disabled plaintiff, by letting her attend one EBT and IME, and not two, and gave multiple benefits and almost one-sided advantage to the two defendants. The fact that discovery proceeded on a consolidated basis enabled both defendants to cooperate together in obtaining all medical records concerning medical treatment and cooperating by questioning her, together, at her EBT. As stated above, any of these questions would be admitted at trial, for purposes of impeachment, if this court were to relieve the plaintiff of her stipulation and order separate trials. Permitting a joint trial does not further the goal of judicial economy. To do so would allow lawyers to make agreements without obtaining a court order, in violation of CPLR article 6’s dictates. In this case, furthermore, the apparent purpose for consolidation or joint trial is for the defendants to foster the image of the plaintiff before the jury as a scheming, litigious party who is seeking damages from any available deep pocket to assuage her grievances for her physical condition. Especially since evidence of a litigious history is generally not admissible, this court will not lend its help to such efforts by giving its imprimatur to the fatally flawed stipulation.
Since both Hillside House and Green Bus will be able, at trial, to a degree deemed warranted, to refer to the fact that plaintiff maintained a separate action against another defendant, especially if plaintiff presses a claim of exacerbation or aggravation of injuries against Green Bus, there is little prejudice to either *694 of the defendants. This court, accordingly, believes that the only proper conclusion is to relieve the plaintiff of her stipulation and to order two separate trials, and not permit a joint trial based on a stipulation that was never submitted to a court for “so ordering.”
The court notes that this is one of the rare cases where a court will release one party from a stipulation even though the rest of it has been acted upon. The usual rule, stated by Bowers in The Judicial Discretion of Trial Courts, is that “[t]he stipulation must either stand as made ... or it must be set aside in toto. . . . There is no halfway station” {id. § 253, at 289). As mentioned above, the part of the stipulation that has been executed already concerns the consolidated discovery, a process that chiefly benefltted the defendants, permitting them to work together in exploring and obtaining the records of plaintiff’s various medical providers. The remaining portion of the stipulation is the simple request for a joint trial. Enforcing that request would not only subvert the dictates of CPLR 602 (a) and encourage lawyers to bypass a court in determining for themselves what cases to consolidate or join for trial, but would serve to confuse a jury in actions that emanate from two separate, totally different accidents, occurring on different dates, and resulting primarily in different injuries.
Finally, the requests by defense counsel in the two actions for a unified trial of the issues of liability and damages are, in all respects, denied, for the reasons stated by the undersigned in Wahid v Long Is. R.R. Co. (15 Misc 3d 1120[A], 2007 NY Slip Op 50777[U] [2007]). The policy of courts within the Second Judicial Department is for bifurcated trials, allowing juries to consider the issues of liability and damages separately. By asking for a joint and unified trial, defendants could paint plaintiff to a jury as litigious and would require the plaintiff and her counsel to incur the great financial expense of requiring all of her medical experts to testify at trial even before a determination is made as to liability.
It is, therefore, hereby ordered that the court relieves the plaintiff from the portion of the stipulation that agreed to a joint trial, and it is further ordered that there shall be separate trials of the plaintiffs actions against Hillside House and Green Bus Lines.